# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01760-WYD-MEH

THE MARIANIST PROVINCE OF THE UNITED STATES, INC., SOCIETY OF MARY, PROVINCE OF ST. LOUIS and at other times, RONCALLI HIGH SCHOOL,

    Plaintiff,

v.

CENTURY INDEMNITY COMPANY, in its capacity as successor to CCI INSURANCE COMPANY, as successor to INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation,

    Defendant.

---

## BLANKET PROTECTIVE ORDER
---

    THIS MATTER comes before the Court on the joint motion of the parties for a blanket protective order. The Court has reviewed the motion, and finds good cause for entry of a protective order. NOW, THEREFORE, it is hereby ORDERED as follows:

    1.    This Blanket Protective Order shall apply to all documents, electronically stored information ("ESI"), materials, and other information (collectively, "INFORMATION") produced or disclosed by any person pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including without limitation, initial disclosures under Rule 26, documents or ESI produced pursuant to Rule 34, answers to interrogatories under Rule 33, responses to requests for admission under Rule 36, examinations under Rule 35 and deposition testimony pursuant to Rule 30 or Rule 31. This Blanket Protective Order shall also apply to all INFORMATION voluntarily or informally produced or disclosed by one party to another during the course of this action that

pertains to the subject matter of this action when such INFORMATION is designated in accordance with the procedures set forth herein.

2. As used in this Blanket Protective Order, "document" and "ESI" are defined as provided in Rule 34(a). A draft or non-identical copy of a document or ESI shall be considered a separate document or ESI.

3. As used in this Blanket Protective Order, "CONFIDENTIAL INFORMATION" shall be INFORMATION that is confidential and implicates common law and statutory privacy interests of:

(a) persons who were, or allegedly were, physically or sexually abused by former Brother William Mueller;

(b) current or former students and employees of schools owned or operated by the Society of Mary (Province of St. Louis) and/or The Marianist Province of the United States, Inc., Society of Mary, Province of St. Louis, including without limitation, St. John Vianney High School, Roncalli High School, and Central Catholic High School;

(c) current or former brothers, members or employees of the Society of Mary (Province of St. Louis) and/or The Marianist Province of the United States, Inc., Society of Mary, Province of St. Louis; or

(d) any other person whose common law or statutory privacy interests are implicated during the discovery process if the asserted privacy interest is identified sufficiently so that any party wishing to challenge the privacy interest will understand the nature of the interest being asserted.

4.  Any person producing or disclosing INFORMATION shall have the right to designate such INFORMATION as CONFIDENTIAL INFORMATION according to the following procedures:

(a)  Only INFORMATION that a person's counsel believes in good faith is entitled to confidential treatment shall be identified as CONFIDENTIAL INFORMATION. INFORMATION that is in the public domain or otherwise publicly available is not CONFIDENTIAL INFORMATION irrespective of any person's attempt to designate it as such.

(b)  Except as provided herein, and to the extent possible, the designation of INFORMATION as CONFIDENTIAL INFORMATION shall be made prior to, or contemporaneously with, the production or disclosure of such INFORMATION.

(c)  Documents shall be designated as CONFIDENTIAL INFORMATION by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER".

(d)  In the event that numerous documents are produced together, each of which contains CONFIDENTIAL INFORMATION, the person producing such documents may conspicuously indicate on the transmission that all documents being produced contain CONFIDENTIAL INFORMATION and place all such documents into a separate container (*e.g.*, a manila envelope or redwell) and place or affix on the container the following or other appropriate notice: "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER". If a party later wishes to disclose, in accordance with paragraph

5, individual documents from such a production, any such documents shall be individually marked as indicated in sub-paragraph (c) above.

      (e)     ESI produced in electronic form may be designated as CONFIDENTIAL INFORMATION by marking the data storage medium with an appropriate legend.

      (f)     Interrogatory answers may be designated as containing CONFIDENTIAL INFORMATION by conspicuously marking the confidential portion thereof with an appropriate designation.

      (g)     Whenever a deposition involves the disclosure of INFORMATION previously designated as CONFIDENTIAL INFORMATION, the deposition or relevant portions thereof shall automatically be designated as CONFIDENTIAL INFORMATION and shall be subject to the provisions of this Blanket Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of the depositions as CONFIDENTIAL INFORMATION after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      (h)     Any party may designate as CONFIDENTIAL INFORMATION those other portions of a deposition transcript containing CONFIDENTIAL INFORMATION in the manner specified in the preceding paragraph.

5.     CONFIDENTIAL INFORMATION shall not be disclosed without further Order of the Court absent the written consent of the person originally disclosing or producing it; provided, however, that CONFIDENTIAL INFORMATION may be disclosed to:

      (a)    attorneys actively working on this case;

      (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

      (c)    the parties, including their designated representatives;

      (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

      (e)    the Court and its employees ("Court Personnel");

      (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

      (g)    deponents, witnesses, or potential witnesses;

      (h)    persons who have knowledge of such CONFIDENTIAL INFORMATION outside the context of this litigation; and

      (i)    other persons by written agreement of the parties.

6.    Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Blanket Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Blanket Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. In the event a person produces or discloses INFORMATION in response to a proper discovery request and does not designate the INFORMATION as CONFIDENTIAL INFORMATION, but a party believes the INFORMATION is entitled to protection under this Blanket Protective Order, such party may designate the INFORMATION in question as CONFIDENTIAL INFORMATION pursuant to paragraph 3 provided such designation is made within thirty (30) days of the party receiving the INFORMATION in question.

8. A party may object to the designation of particular INFORMATION as CONFIDENTIAL INFORMATION by giving written notice to the person designating the disputed INFORMATION. The written notice shall identify the INFORMATION to which the objection is made. If the parties cannot resolve the objection within ten (10) court days after the time the notice is received, it shall be the obligation of the party designating the INFORMATION as CONFIDENTIAL INFORMATION to file an appropriate motion requesting that the Court determine whether the disputed INFORMATION should be subject to the terms of this Blanket Protective Order. If such a motion is filed within fifteen (15) court days after having first received written notice of another party's objection, the disputed INFORMATION shall be treated as CONFIDENTIAL INFORMATION under the terms of this Blanket Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed INFORMATION shall lose its designation as CONFIDENTIAL INFORMATION and shall not thereafter be treated as CONFIDENTIAL INFORMATION in accordance with this Blanket Protective Order. In connection with a motion filed under this provision, the party designating the INFORMATION as CONFIDENTIAL INFORMATION shall bear the burden of establishing that

good cause exists for the disputed INFORMATION to be treated as CONFIDENTIAL INFORMATION.

9. Any party that is served with a subpoena or other notice compelling the production of any CONFIDENTIAL INFORMATION produced by another party is obligated to give immediate written notice of such subpoena or other notice to the other party.

10. The parties will use their best efforts to avoid the unnecessary disclosure of CONFIDENTIAL INFORMATION in any pleading, motion or other papers submitted to the Court (hereinafter, "Filings").  To facilitate compliance with this order, the parties shall, wherever possible, submit redacted versions of CONFIDENTIAL INFORMATION so that it is not necessary for the Court to determine the appropriateness of accepting a Filing under seal.  If a Filing cannot be redacted so as to protect the confidential nature of the CONFIDENTIAL INFORMATION, a party may seek to submit the Filing under seal by filing a motion in accordance with D.C.COLO.LCivR 7.2 and submitting the proposed Filing in accordance with D.C.COLO.LCivR 7.3.  Any papers or documents ordered sealed by the Court, or required by law to be filed under seal, shall be submitted in accordance with D.C.COLO.LCivR 7.3.

11. The protection to be afforded CONFIDENTIAL INFORMATION at trial of this Proceeding shall be addressed by the Court in its pre-trial order.

12. Nothing in this Blanket Protective Order shall be construed in any way as a finding that any particular document or information is or is not privileged, protected, confidential or admissible in evidence.  Compliance with this Blanket Protective Order shall not operate as an admission that any particular, testimony, document or thing is admissible in evidence.

13. Neither the provisions of this Blanket Protective Order nor any disclosure of CONFIDENTIAL INFORMATION by any party pursuant to this Blanket Protective Order shall constitute a waiver at any time or in any other litigation, of any attorney-client, work product or other privilege, doctrine or protection.

14. Nothing contained in this Blanket Protective Order shall preclude any party from using its own CONFIDENTIAL INFORMATION in any manner it sees fit, without prior consent of any party or the Court.

15. At the conclusion of this case, unless other arrangements are agreed upon or unless otherwise prohibited by law, all documents and ESI (including any copies thereof) which have been designated as CONFIDENTIAL INFORMATION shall be returned to the party that designated it as CONFIDENTIAL INFORMATION. Alternatively, the parties may elect to destroy such documents and ESI. Where the parties agree to destroy documents and ESI, the destroying party shall provide all parties with an affidavit confirming the destruction.

16. This Blanket Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: October 5, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge