IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01760-WYD-MEH

THE MARIANIST PROVINCE OF THE UNITED STATES, INC.;
SOCIETY OF MARY, PROVINCE OF ST. LOUIS and at other times
RONCALLI HIGH SCHOOL,

    Plaintiffs,

v.

ACE USA, a Pennsylvania corporation, and affiliated Insurer
INSURANCE COMPANY OF NORTH AMERICA ("INA"), a Pennsylvania corporation,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendant Century Indemnity Company's Motion for Separate Trials and Discovery, filed January 29, 2010 [#83]. This action involves an insurance dispute.

Plaintiff, The Marianist Province of the United States, Inc. ("The Marianists"), a Catholic non-profit religious order, filed this breach of contract and insurance bad faith case against its insurer for failure to defend and indemnify it in a lawsuit alleging that a Brother in the service of The Marianists sexually assaulted students at a high school operated by The Marianists in Pueblo, Colorado (the "Colorado Lawsuit"). In the Second Amended Complaint Plaintiff brings claims for breach of contract, common law bad faith, statutory bad faith, and violation of the Colorado Unfair Claims-Deceptive Practices Act, C.R.S. § 10-3-1101 *et seq.*, and the Colorado Consumer Protection Act,

-1-

C.R.S. § 6-1-101 *et seq.*

As set forth in their Second Amended Complaint, Plaintiff asserts that despite repeated and persistent requests Defendant, Century Indemnity Company ("Century"), has refused to provide full coverage to Plaintiff, in violation of its contractual obligations; failed to timely reimburse Plaintiff for defense costs associated with the Colorado Lawsuit; delayed and denied payment of reasonable defense costs; refused to meaningfully participate in settlement negotiations associated with the Colorado Lawsuit; and failed to act in Plaintiff's best interests. *See* Second Amended Complaint [#60] at ¶ 13. In its Answer, Affirmative Defenses and Counterclaims, Century denies these allegations, and asserts that Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff's failure to prevent the sexual abuse does not constitute an "occurrence" as that term is defined in the insurance policies. In addition, Century brings a counterclaim for declaratory relief requesting a declaration that the policies at issue do not provide coverage because the complaint in the Colorado Lawsuit did not assert an "occurrence" as that term is defined in the policies. *See* Answer, Affirmative Defenses and Counterclaims [#71] at ¶¶ 13, 34, 46, 51.

In the instant motion, Century requests that I order separate trials of Plaintiff's breach of contract claim and remaining extra-contractual claims pursuant to Fed. R. Civ. P. 42(b). Plaintiff opposes the motion and contends that Century's conduct in breaching its insurance contract cannot be easily separated from the bad faith manner in which it did so.

With respect to bifurcation, Rule 42(b) provides: "For convenience, to avoid

prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed.R.Civ.P. 42(b). I have broad discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.,* 776 F.2d 1441, 1447 (10th Cir. 1985). Although I have discretion to order separate trials, that does not mean that severance is the norm or even a common occurrence. *See, e.g.,* Fed. R. Civ. P. 42(b) advisory comm. notes (noting that bifurcation should not be "routinely ordered," but, "it is important that it be encouraged where experience has demonstrated its worth"). While bifurcation of issues is not to be routinely ordered, it is not an abuse of discretion to bifurcate a trial if the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Industries, Inc.,* 11 F.3d 957, 964 (10th Cir. 1993). A court has discretion to bifurcate if it finds that bifurcation will: 1) avoid prejudice; 2) be more convenient; or 3) be conducive to expedition and economy. *King v. McKillop,* 112 F.Supp.2d 1214, 1221 (D. Colo. 2000). "Regardless of efficiency and separability, however, bifurcation is an abuse of discretion if it is unfair or prejudicial to a party." *Angelo,* 11 F.3d at 964.

Here, Century's primary argument in favor of bifurcation is that a separate trial on Plaintiff's contract claim may negate the need for a trial on Plaintiff's extra-contractual bad faith claims, assuming Century prevails on its affirmative defense and counterclaim of lack of coverage. According to Century, resolution of the coverage issue will turn on Plaintiff's knowledge of Brother Muller's propensities, and involve limited witness testimony, while a trial on the extra-contractual claims will involve different witnesses

and evidence and be far more expensive and time consuming.

It is true that under Colorado Law, absent applicable insurance coverage, there can be no finding of bad faith. *Lira v. Shelter Ins. Co.*, 913 P.2d 514, 516-17 (Colo. 1996). I also find that resolution of the coverage issue may involve limited witness testimony that is unrelated to other issues in the case. However, the issues raised by Century in connection with coverage is only one aspect of Plaintiff's breach of contract claim. I note that Century undertook a defense of the Colorado Lawsuit on Plaintiff's behalf and contributed to settlement of that lawsuit under a reservation of rights. Here, Plaintiff's breach of contract and its bad faith claims are based on the same underlying conduct including whether Century delayed payment of defense costs, whether Century improperly required Plaintiff to contribute to settlement of the Colorado Lawsuit; whether Century acted improperly during the mediation.

I agree with Plaintiff that the evidence and testimony relevant to the breach of contract claim is intertwined with the evidence and testimony required to evaluate whether Century acted in bad faith. Therefore, I find that a completely separate trial on Plaintiffs breach of contract claim would result in unwarranted duplication of evidence and would not be economical or convenient for the Court or the parties.

However, Century also maintains that if the claims are tried jointly, confusing and prejudicial evidence relevant to the extra-contractual claims would prejudice Century's position that there was no coverage. For example, Century asserts that it will suffer undue prejudice if the jury is informed that it contributed $1.3 million towards the settlement of the claims in the Colorado Lawsuit, because this information will likely

cause the jury to presume that Century was acknowledging coverage when it was not. I am not persuaded that this evidence is so unduly prejudicial as to warrant bifurcation in this case. On the other hand, Plaintiff contends that bifurcation would result in prejudice to them because they would be forced to try the same case twice, and because of the potential for delay involved with two separate discovery periods and two separate trials. I agree that the substantial delay that would result from separate trials and separate discovery periods would be unduly prejudicial to Plaintiff. *See Novell v. American Guar. and Liability Ins. Co.*, 15 P.3d 775, 779 (Colo. App. 1999) (finding no abuse of discretion in trial court's denial of motion to bifurcate where duplication in evidence and resources created by separate trials would be significant).

In conclusion, I find that bifurcation will not result in measurable gains in convenience or economy, and that bifurcated trials would result in substantial delay and duplication and would not further goals set out in Rule 42(b). *See Angelo,* 11 F.3d at 964; *King,* 112 F.Supp.2d at 1221. Therefore, it is hereby

ORDERED that Defendant Century Indemnity Company's Motion for Separate Trials and Discovery, filed January 29, 2010 [#83] is **DENIED**.

Dated: July 2, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge