IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01760-WYD-MEH

THE MARIANIST PROVINCE OF THE UNITED STATES, INC., SOCIETY OF MARY, PROVINCE OF ST. LOUIS, and at other times, RONCALLI HIGH SCHOOL,

    Plaintiff,

v.

CENTURY INDEMNITY COMPANY in its own capacity and in its capacity as successor to CCI Insurance Company as successor to INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

---

**ORDER RE: MOTION FOR PROTECTIVE ORDER**

---

Before the Court is Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(b)(5)(B) [filed August 3, 2010; docket #111]. The matter is referred to this Court for disposition. (Docket #112.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **grants in part and denies in part** Plaintiff's motion.

**I.    Background**

The Plaintiff initiated this action on August 18, 2008. Essentially, Plaintiff claims Defendant engaged in a course of conduct whereby it delayed payment of benefits and refused to provide appropriate insurance coverage for the Plaintiff's defense in (underlying) legal proceedings naming the Bishop of Pueblo and The Marianists as defendants. Defendant denies that (1) any coverage is afforded under the applicable policies because the underlying plaintiffs' damages, as reflected in their settlements, were not caused by an "occurrence" as that term is defined in the policies, (2) it received timely notice of any alleged "occurrence," and (3) it received full cooperation from the

Plaintiff.

This dispute arises from the Plaintiff's disclosure of documents – the "Burg Simpson Letter," "Noce Email" and "Handwritten Interview Notes" (referred to hereafter as "challenged documents") – to the Defendant that the Plaintiff claims are protected by the attorney-client privilege and work product doctrines. Plaintiff argues that the disclosure was inadvertent and, thus, the documents must be returned or destroyed. Defendant counters that the documents are not protected by the attorney-client privilege or, to the extent that a portion of the documents are privileged, the factual information is not. Moreover, Defendant contends that, to the extent the documents are protected by the work product doctrine, Defendants have a substantial need for the information contained in the documents and cannot obtain the information elsewhere.

Based upon the applicable rules and case law, the Court will analyze first whether the challenged documents are protected by the attorney-client privilege or work product doctrines. If the documents are protected, the Court will proceed to determine whether the protections were waived by disclosure or whether the disclosure was simply "inadvertent."

**II.    Are the Documents Protected?**

In diversity jurisdiction cases such as this one, state law controls the issues of privilege raised by the parties. *See* Fed. R. Evid. 501 (2010); *see also Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). In Colorado, the attorney-client privilege is "established by the act of a client seeking professional advice from a lawyer and extends only to confidential matters communicated by or to the client in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Tucker*, 232 P.3d 194, 198 (Colo. App. 2009) (citing *Losavio v. Dist. Court in and for Tenth Judicial Dist.*, 533 P.2d 32, 35 (Colo. 1975)); *see also People v. Trujillo,* 144 P.3d

539, 542 (Colo. 2006) ("the attorney-client privilege applies to confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations"). The privilege applies only to communications under circumstances giving rise to a reasonable expectation that the communications will be treated as confidential. *Tucker*, 232 P.3d at 198 (citing *Wesp v. Everson*, 33 P.3d 191, 197 (Colo. 2001)). Mere statements of fact are not protected by the attorney-client privilege. *Trujillo*, 144 P.3d at 545 (citing *Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2000) (noting that "the privilege protects only the communications to the attorney; it does not protect any underlying and otherwise unprivileged facts that are incorporated into a client's communication to his attorney")).

"Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3)." *Frontier Refining Inc. v. Gorman-Rupp Company, Inc.,* 136 F.3d 695, 702 n. 10 (10th Cir. 1998) (internal quotation omitted). To be subject to the work product protection the materials must have been prepared "in anticipation of litigation or trial; the doctrine does not protect from discovery materials prepared in the ordinary course of business." *Weitzman v. Blazing Pedals, Inc.,* 151 F.R.D. 125, 126 (D. Colo. 1993). Thus, to receive protection under the work product doctrine, the party resisting discovery "must demonstrate that the documents at issue were prepared in anticipation of litigation by or for [the party] or by or for [the party's] representative." *Wikel v. Wal-Mart Stores, Inc.,* 197 F.R.D. 493, 495 (N.D. Okla. 2000); *see also Pepsico, Inc. v. Baird, Kurtz & Dobson LLP,* 305 F.3d 813, 817 (8th Cir. 2002) (stating that "[i]n order to protect work product, the party seeking protection must show the materials were prepared in anticipation of litigation, i.e., because of the *prospect* of litigation") (emphasis added).

The court in *Martin v. Monfort, Inc.,* 150 F.R.D. 172 (D. Colo. 1993), sets forth a process to be employed in deciding a claim for work product protection:

> Rule 26(b)(3) ... contemplates a sequential step approach to resolving work product issues. First, the party seeking discovery must show that the subject documents or tangible things are relevant to the subject matter involved in the pending litigation and are not privileged. Once such a showing has been made, the burden shifts to the party seeking protection to show that the requested materials were prepared in anticipation of litigation or for trial by or for the party or the party's attorney, consultant, surety, indemnitor, insurer or agent. Such a showing may be made by affidavit, deposition testimony, answers to interrogatories, and the like. If the Court concludes that the items were prepared in anticipation of litigation, the burden shifts back to the requesting party to show: (a) a substantial need for the materials in the preparation of the party's case; and (b) the inability without undue hardship of obtaining the substantial equivalent of the materials by other means. Finally, even if substantial need and unavailability are demonstrated, the Court must distinguish between factual work product, and mental impressions, opinions, and conclusions, for the latter are rarely, if ever, subject to discovery.

*Id.* at 172-73 (internal citations omitted).

    A.    <u>Burg Simpson Letter</u>

On its face, the November 29, 2005 letter drafted by Peter Burg and addressed to Brother Glodek of the Marianists Province of the United States is a communication from an attorney to his client and, thus, appears to be protected by the attorney-client privilege. However, there is no conspicuous indication that Mr. Burg intended to keep the contents of this particular letter confidential. Nevertheless, the letter contains certain information communicated from the attorney to that client that is clearly protected, and the Defendant does not dispute that these portions of the letter are privileged. (*See* docket #116 at 10.)

At the same time, a significant portion of the letter contains information Mr. Burg gleaned from his interview with Brother William Mueller, a former employee of the Marianists whom Mr. Burg concedes was not his client. The Court finds that certain of this information is merely

"factual" information transmitted from an attorney to a client and, thus, the information is not a protected attorney-client communication under Colorado law.

Plaintiff does not dispute that the interview information is relevant to this case, but argues that the information is protected work product. Defendant does not dispute that the interview with Brother Mueller was performed in anticipation of litigation by the Plaintiff's attorneys. (Docket #116 at 13.) However, Defendant contends that it has a substantial need for the factual information gleaned during the Mueller interview and cannot obtain it otherwise because Mr. Mueller has, in three previous depositions, asserted his Fifth Amendment right against self-incrimination, and is expected to do so again at his deposition in this litigation.

The Court agrees that a portion of the Mueller interview information contained in the Burg Simpson letter is simply factual information that is discoverable and may be disclosed in a redacted format without revealing Mr. Burg's mental impressions, opinions and conclusions. Based upon Mr. Mueller's previous refusals to provide information in depositions, the Court finds that Defendant cannot otherwise obtain the information for which it has a substantial need. Therefore, on or before September 13, 2010, the Defendant is directed to provide to the Court a copy of the Burg Simpson letter in useable format (Word, Word Perfect) to allow the Court to redact those portions of the letter that reveal protected communications and/or work product. Once the Court provides the redacted copy to the parties, the Defendant is ordered to return or destroy the November 29, 2005 letter from Mr. Burg to Brother Glodek.

B.  Noce Email

Here, the Court finds that a certain portion of the email is clearly protected by the attorney-client work privilege, but the other portion of the email is not protected by either doctrine.

5

The email itself is dated November 23, 2005 and is addressed to Brother Glodek (The Marianists) from Gerry Noce (attorney). The communication between Mr. Noce and Brother Glodek is clearly identified as "protected by attorney-client privilege" and the Defendant does not dispute that this communication is privileged. However, in sending the email, Mr. Noce forwarded a message he received from Brother Mueller on November 23, 2005, which is revealed in its entirety in the email's content. This message is not a communication between an attorney and client, and because the message was prepared by Brother Mueller, it is not protected work product.

Therefore, the Court finds that the portion of the email revealing Brother Mueller's message to Mr. Noce is neither a protected communication nor work product, but is discoverable information pursuant to Rule 26. On or before September 13, 2010, the Defendant is directed to provide to the Court a copy of the Noce email in useable format (Word, Word Perfect) to allow the Court to redact those portions of the email that reveal protected communications and/or work product. Once the Court provides the redacted copy to the parties, the Defendant is ordered to return or destroy the November 23, 2005 email from Mr. Noce to Brother Glodek.

### C. Handwritten Interview Notes

The party asserting the attorney-client privilege or work product doctrine has the burden of establishing that either or both clearly apply to specific information or documents. *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

Plaintiff argues that the notes taken by Mr. Burg during his interview with Brother Mueller are protected, but does not specify under which doctrine they are protected. Defendant counters that the notes clearly are not communications between an attorney and client, but concedes that they are work product. (*See* docket #116 at 10.) The parties did not provide to the Court a copy of the

interview notes; therefore, the Court cannot make a separate determination as to whether the protections apply. The Plaintiff has failed to show that the notes contain privileged attorney-client communications; however, the Court will assume, as the parties do, that the notes are protected work product.

Consequently, to obtain discovery of the notes, Defendant must show that it has a substantial need for and cannot otherwise obtain the information contained in the interview notes. As set forth above, the Court has already determined that Defendant has met its burden to show a substantial need for factual information provided by Brother Mueller in 2005, but which has not been and may not be obtained otherwise. The Court will assume, as the parties do, that the notes contain factual information provided by Brother Mueller. Therefore, on or before September 13, 2010, the Defendant is directed to provide to the Court a copy of the handwritten notes to allow the Court to redact those portions of the notes that may reveal Mr. Burg's protected work product. Once the Court provides the redacted copy to the parties, the Defendant is ordered to return or destroy Mr. Burg's handwritten notes of Brother Mueller's interview.

**III.     Were Any Protections Waived?**

Defendant contends that any protections afforded the challenged documents were waived by the Plaintiff when it produced the documents in discovery; thus, Defendant apparently seeks full disclosure of any protected document challenged in this dispute. Conversely, Plaintiff seeks an order protecting from disclosure the challenged documents since its production of the documents was "inadvertent."

Colorado courts have adopted an "ad hoc" approach to determining whether an inadvertent disclosure of privileged documents by an attorney or client constitutes a waiver of the privilege.

*Floyd v. Coors Brewing Co.,* 952 P.2d 797, 808-09 (Colo. App. 1997), *rev'd on other grounds,* 978 P.2d 663 (Colo. 1999). The *Floyd* court determined that in those instances in which an alleged inadvertent disclosure has occurred during the course of formal discovery proceedings, the most appropriate means to determine whether the disclosure should be considered a waiver of the attorney-client privilege is to "consider a number of factors to determine whether the disclosure resulted from excusable inadvertence or from some chargeable negligence or other fault." *Id.* Among the factors considered are: (l) the extent to which reasonable precautions were taken to prevent the disclosure of privileged information; (2) the number of inadvertent disclosures made in relation to the total number of documents produced; (3) the extent to which the disclosure, albeit inadvertent, has, nevertheless, caused such a lack of confidentiality that no meaningful confidentiality can be restored; (4) the extent to which the disclosing party has sought remedial measures in a timely fashion; and (5) considerations of fairness to both parties under the circumstances. *Id.*

Defendant argues that the third, fourth and fifth factors weigh in favor of disclosure stating that the challenged documents were in its "possession for over four months," they have been "thoroughly studied and discussed" and "no meaningful confidentiality can be restored" since "[c]ounsel cannot pretend to forget what was previously read." (Docket #116 at 11.) The Court disagrees. Defendant admittedly did not notify Plaintiff that it possessed these documents until the documents were presented to a witness during a deposition in July. Upon being notified, the Plaintiff sought to have them returned or destroyed in a reasonably timely manner. Moreover, the documents have been disclosed only among the parties in this case and presented (or attempted to be presented) at two depositions; thus, confidentiality may be restored in keeping with the blanket

protective order issued in this case.

Finally, the Court finds that justice and fairness dictate that the clearly protected portions of the documents remain confidential, but that the factual portions be disclosed. Therefore, weighing the *Floyd* factors, the Court finds that Plaintiff's production of the entire contents of the challenged documents was inadvertent under Colorado law. The Court will grant the protective order to maintain as confidential those portions of the documents the Court finds are protected.

**IV.    Conclusion**

Accordingly, for the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(b)(5)(B) [filed August 3, 2010; docket #111] and further **ORDERS**[1] the following:

(1) **On or before September 13, 2010**, the Defendant shall provide to the Court copies of the challenged documents in useable format (to the extent possible) to allow the Court to redact portions of the documents it deems protected consistent with this Order;

(2) Once the Court provides the parties with redacted versions of the documents, the Defendant shall return or destroy the challenged documents in its possession and file a certificate of compliance with the Court.

(3) The Clerk of the Court shall maintain under seal those documents found at docket #116 until further order of the Court.

---

[1] The Court need not address Defendant's separate request for an order requiring Plaintiff to make Mr. Burg and Mr. Noce available for depositions. *See* D.C. Colo. LCivR 7.1C ("[a] motion shall not be included in a response or reply to the original motion.").

Dated at Denver, Colorado, this 7th day of September, 2010.

                                      BY THE COURT:

                                      *Michael E. Hegarty*

                                    Michael E. Hegarty
                                    United States Magistrate Judge