IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01760-WYD-MEH

THE MARIANIST PROVINCE OF THE UNITED STATES, INC., SOCIETY OF MARY, PROVINCE OF ST. LOUIS, and at other times, RONCALLI HIGH SCHOOL,

    Plaintiff,

v.

CENTURY INDEMNITY COMPANY in its own capacity and in its capacity as successor to CCI Insurance Company as successor to INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.

---

**ORDER RE: DEFENDANT'S MOTION TO COMPEL**

---

Before the Court is Defendant's Renewed Motion to Compel Discovery [filed August 17, 2010; docket #120]. The matter is referred to this Court for disposition. (Docket #121.) The motion is fully briefed, and oral argument would not assist the Court in its adjudication. For the following reasons, the Court **denies** Defendant's motion.

**I.    Background**

The Plaintiff initiated this action on August 18, 2008. Essentially, Plaintiff claims Defendant engaged in a course of conduct whereby it delayed payment of benefits and refused to provide appropriate insurance coverage for the Plaintiff's defense in (underlying) legal proceedings naming the Bishop of Pueblo and The Marianists as defendants. Defendant denies that (1) any coverage is afforded under the applicable policies because the underlying plaintiffs' damages, as reflected in their settlements, were not caused by an "occurrence" as that term is defined in the policies, (2) it received timely notice of any alleged "occurrence," and (3) it received full cooperation from the Plaintiff.

This dispute arises from the Plaintiff's refusal to produce two emails, dated December 6, 2005, from Tim Schimberg, attorney for the Bishop of Pueblo, addressed to Burg Simpson, attorneys for the Marianists, in the underlying litigation.[1] Plaintiff listed the documents on its privilege log contending that the emails are protected pursuant to a joint defense agreement. Defendant counters that no written joint defense agreement exists and that there was no meeting of the minds for an oral agreement in 2005. Defendant seeks an order requiring Plaintiff to produce the emails.

Plaintiff contends that the documents "are protected by a joint defense agreement and are thus subject to the attorney-client privilege." Docket #131 at 1. In diversity jurisdiction cases such as this one, state law controls the issues of privilege raised by the parties. *See* Fed. R. Evid. 501 (2010); *see also Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). In Colorado, the attorney-client privilege is "established by the act of a client seeking professional advice from a lawyer and extends only to confidential matters communicated by or to the client in the course of gaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Tucker*, 232 P.3d 194, 198 (Colo. App. 2009) (citing *Losavio v. Dist. Court in and for Tenth Judicial Dist.*, 533 P.2d 32, 35 (Colo. 1975)); *see also People v. Trujillo,* 144 P.3d 539, 542 (Colo. 2006) ("the attorney-client privilege applies to confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations"). The privilege applies only to communications under circumstances giving rise to a reasonable expectation that the communications will be treated as confidential. *Tucker*, 232 P.3d at 198 (citing *Wesp v. Everson*, 33 P.3d 191, 197 (Colo. 2001)). Mere statements of fact are not protected by the

---

[1]The motion also raised an issue with respect to the production of damages information; however, the issue was resolved during the briefing. *See* docket #137 at 4.

attorney-client privilege. *Trujillo*, 144 P.3d at 545 (citing *Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2000) (noting that "the privilege protects only the communications to the attorney; it does not protect any underlying and otherwise unprivileged facts that are incorporated into a client's communication to his attorney")).

In Colorado, the joint defense (or common interest) doctrine is an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to third parties. *Black v. Southwestern Water Conservation Dist.*, 74 P.3d 462, 469 (Colo. App. 2003) (citing *Wesp*, 33 P.3d at 197). "Communications shared with third persons who have a common legal interest with respect to the subject matter thereof will be deemed neither a breach nor a waiver of the confidentiality surrounding the attorney-client relationship." *Id.* The common interest doctrine includes pre-existing confidential communications and documents that are shared during a common enterprise. *Id.*; *see also Ritter v. Jones*, 207 P.3d 954, 960 (Colo. App. 2009). "The privilege applies only to communications given in confidence and intended and reasonably believed to be part of an on-going and joint effort to set up a common legal strategy." *Black*, 74 P.3d at 469 (citations omitted).

Here, the Plaintiff has produced two documents in support of its assertion of the attorney-client and joint defense privileges. The first is an affidavit executed by Steven Laman, attorney for Burg Simpson and recipient of one of the emails in question, who attests that "from the inception of [Burg Simspon's] representation [in September 2005] in the Underlying Action, The Marianists and the Bishop of Pueblo entered into an oral joint defense agreement whereby the parties and their counsel agreed to share confidential and privileged information as reasonably necessary for their mutual benefit while continuing to preserve the attorney-client privilege that each held with its

3

respective attorneys." Affidavit of Steven D. Laman at ¶ 3, docket #131-1.

The second document is the August 19, 2010 transcript of the deposition testimony of Brother Stephen Glodek of The Marianists. Brother Glodek testified that while The Marianists and the diocese (Bishop of Pueblo) operated under a joint defense agreement, he "supposed" that Burg Simpson and Tim Schimberg exchanged "correspondence regarding draft but not finalized joint defense agreements between 2005 and the middle of 2006," and that a "sticking point" in the negotiations was "a complication with North River Insurance Company being a part of this case and the diocese's relationship with North River." Deposition of Brother Stephen Glodek at 164: 21-25, 165: 1-14, docket #131-2. In response to the next question, "So there would have been no agreement then in place between the diocese and the Marianists in 2005?" Brother Glodek answered, "I don't think so, no. I forget the date that all that was agreed upon." *Id.* at 165: 15-21.

Defendant contends that Brother Glodeck's testimony proves there was no agreement and no meeting of the minds necessary to invoke the joint defense privilege in 2005. The Court disagrees. The deposition questioning clearly focused on the existence of a *written* agreement and Brother Glodek provided answers reflecting his understanding of whether and when a written joint defense agreement existed. As stated above, the privilege applies to communications given in confidence and intended and reasonably believed to be part of an ongoing and joint effort to set up a common legal strategy; written agreements are not necessarily required. *See Black*, 74 P.3d at 469. Here, Mr. Laman attests that "[b]y their oral agreement and subsequent conduct, as well as a tacit understanding throughout the course of the litigation that all such discussions and communications between the parties and their counsel were subject to the said joint defense agreement, the parties operated at all times as if the attorney-client privilege was in full force and effect." Docket #131-1

at ¶ 6. The emails at issue here occurred during the litigation involving co-defendants The Marianists and the Bishop of Pueblo, were exchanged between counsel for the co-defendants and concerned a witness interview. *See* Docket #120 at 2. The Court finds that Plaintiff has met its burden to demonstrate that the December 6, 2005 emails are protected by the joint defense exception to the waiver rule of Colorado's attorney-client privilege doctrine.

Accordingly, the Court **DENIES** Defendant's Renewed Motion to Compel Discovery [<u>filed August 17, 2010; docket #120</u>].

Dated at Denver, Colorado, this 5th day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge